### David Hunter vs. Cornelius Schuyler, late Sheriff.

A motion for a perpetual stay of execution, or to permit the defendant to come in and plead his bankrupt discharge, is a matter of discretion with the court.

*Motion by defendant for a perpetual stay of execution upon the judgment in this cause, or that the verdict and judgment be opened and the defendant be permitted to plead his discharge (in bankruptcy) and certificate of discharge, puis darien continuance, on such terms as the court shall deem proper.*—It appears that this suit was commenced in August, 1842, against the defendant for money received by him as sheriff, for the redemption of property, which plaintiff had previously purchased at sheriff's sale. The cause was tried at the circuit in Albany county, in January, 1843; and the only question on the trial was, whether the defendant was liable in his official capacity, or individually; the declaration was against the defendant as late sheriff of the county of Rensselaer. On the trial the defendant produced a receipt from plaintiff, which went to prove that plaintiff had loaned defendant the money, which he claimed. The jury found a verdict for plaintiff for the whole amount claimed, being over $1,100. The defendant brought the cause before this court for the purpose of obtaining their decision on the question, whether he was officially or individually liable. This court denied the motion for a new trial, on the ground that the defendant was liable individually and not officially ; that the declaration was merely descriptive of the person. The defendant now moves for a perpetual stay of exe-

cution on the judgment, &c., as he shows, on the 7th November, 1842, he presented his petition for a discharge; that among the list of debts made out as owing by him, the claim for which the plaintiff was then prosecuting him for, was mentioned as one. On the 10th of April, 1843, defendant received his discharge.

A. TABER, *Defts Counsel.*      HAYNER AND JOHNSON, *Defts Attys.*
D. WRIGHT, *Plffs Counsel.*      H. C. WHELPLEY, *Plffs Atty.*

NELSON, Chief Justice.—The circumstances are very strong against the defendant ; he received the money as a public officer, and is not entitled to any equity from the court. It is a matter of discretion with the court entirely, and taking all the circumstances of this case into consideration, the motion must be denied with costs.

Rule accordingly.